**Cerena QASIM, Plaintiff,**

v.

**Charles J. SCULLY, et al., Defendants.**

**No. 87 Civ. 3307.**

United States District Court,
S.D. New York.

March 20, 1989.

Cerena Qasim, Brooklyn, N.Y., pro se.

Robert Abrams, Atty. Gen., State of N.Y. by Jo Ann M. Becker, Asst. Atty. Gen., New York City, for defendants.

## MEMORANDUM AND ORDER

OWEN, District Judge:

Plaintiff, *pro se*, claims that her arrest and subsequent suspension from contact visitation with her husband, a convicted drug dealer incarcerated at the Green Haven Correctional Facility, violated her constitutional rights. The arrest occurred at the facility, when a corrections officer discovered a partially smoked marijuana cigarette in plaintiff's purse, during a routine, pre-admittance search of her belongings. At the time of her arrest and thereafter, plaintiff maintained that she had borrowed the purse from a friend, and didn't know that it contained marijuana. Now, in this suit, plaintiff alleges that in fact the mari-juana was planted in the purse by the officer who searched her, and that several other officers conspired with this officer to deprive plaintiff of her rights. Plaintiff also challenges, on procedural grounds, the Superintendent's suspension of her contact visitation privileges after the incident. Defendants move for summary judgment dismissing the action, contending that plaintiff's conjecture regarding the origin of the marijuana found in her purse does not raise a genuine issue of material fact, and that the decision to suspend visitation privileges was procedurally proper.

Considering the wholly speculative, improbable nature of plaintiff's claims, the inconsistencies between her own statements, and defendants' contrary evidence, defendants are entitled to summary judgment. In support of the claim that an officer planted the marijuana in plaintiff's purse, plaintiff has introduced no evidence. Plaintiff's own statements, oral and written, disclose that she believed that the officer found, and did not plant, the marijuana in the purse. Defendants' detailed affidavits and evidence of routine inspection's having resulted in reasonable administrative action, are left entirely uncontradicted; plaintiff has introduced no evidence, let alone a preponderance of evidence, tending to show any improper motive or behavior of any defendant. Therefore, defendants are entitled to summary judgment on plaintiff's constitutional claims arising out of allegedly false arrest.

With respect to the post-arrest suspension of plaintiff's contact visitation rights, summary judgment is equally appropriate. That it is constitutionally permissible for prison officials to limit contact visitation rights to guard against drugs in prisons is beyond debate. *See Block v. Rutherford,* 468 U.S. 576, 586, 104 S.Ct. 3227, 3232, 82 L.Ed.2d 438 (1984). Plaintiff's procedurally based claim, that she did not receive copies of documents used in connection with the suspension decision, is both factually and legally unfounded. As a matter of fact, when notified of the suspension, plaintiff did receive the report of the

officer in charge at the time of the arrest, the report on which the suspension decision was based. Provision of this report comports with state law, which gives suspended visitors a right to "copies of all charges and reports of misconduct relating to the charges." 7 N.Y.C.R.R. § 200.5(5)(b)(1). Accordingly, defendants' motion for summary judgment on the procedural claim is granted.

■ Because of the utter lack of merit in plaintiff's claims, defendants have moved for attorneys fees. Plaintiff's complete failure to conduct any inquiry into the factual basis of her complaint, and the unreasonableness of pursuing such baseless claims, justifies the imposition of sanctions. In this regard, I observe that plaintiff never sought to obtain any explanation from the friend who loaned her the purse, though plaintiff herself surmised that the friend may have accidentally loaned her the bag's illegal contents as well. Additionally, plaintiff appears to have perjured herself at her deposition by denying a prior arrest for marijuana possession. Also indicative of improper motive is plaintiff's deposition testimony, in which she admits, after many attempts at evasion, to having developed her theory—that the marijuana was planted in her purse—only after having learned of a large recovery in another case, *Morrison v. Lefevre*, 592 F.Supp. 1052 (S.D.N.Y.1984), where plaintiff successfully sued on that theory. Under these circumstances an award of attorneys fees to defendants, so recklessly accused, is mandated. A hearing before Magistrate Buchwald is ordered to determine the amount.

So ordered.